**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3180
_____

YOKE TIONG TAN,
                            Appellant

v.

ALLSTATE INSURANCE COMPANY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:23-cv-04481)
District Judge: Honorable Timothy J. Savage
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 13, 2026
_____

Before: MATEY, CHUNG, and AMBRO, *Circuit Judges*.

(Filed: August 7, 2026)
_____

OPINION*
_____

---

*This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge.*

Yoke Tiong Tan purchased an Allstate homeowner's insurance policy for a five-bedroom home he owned in Philadelphia. After a fire damaged the house, Tan submitted a claim, but Allstate's investigation uncovered that Tan offered all five rooms in the home for short-term rentals and gave guests access to the first-floor common area. While Tan maintained a room in the house, he often slept elsewhere when his room was booked and no other was available. And though actual rental occupancy varied, all rooms were occupied by renters at the time of the fire. As a result, Allstate denied Tan's claim, explaining that the policy did not offer coverage "for the Property as a rental or commercial property." App. 163.

Tan brought this breach-of-contract suit against Allstate. After the close of discovery, the District Court granted Allstate's motion for summary judgment, finding Tan primarily used the house as a rental property.[1]

We see no error. As the District Court explained, even viewing the facts in the light most favorable to Tan, Allstate is entitled to judgment as a matter of law. To prevail on his claim, Tan needed to demonstrate that the house was "principally used as a private residence." App. 35. But the record undisputedly shows Tan offered to and did rent all five

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1291. We review the District Court's grant of summary judgment de novo. *Faush v. Tuesday Morning, Inc.*, 808 F.3d 208, 215 (3d Cir. 2015). Granting "summary judgment is proper where no genuine issue of material fact exists, and where, viewing the facts in the light most favorable to the party against whom summary judgment was entered, the moving party is entitled to judgment as a matter of law." *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004).

rooms for rent and allowed guests unfettered access to all common areas. Tan's intermittent stays are insufficient to defeat the principally commercial nature of his ownership. And, in any case, Tan forfeited any argument that the property's principal use was residential as he did not raise it to the District Court at summary judgment. *See* D.Ct. Dkt. No. 35. For those reasons, we will affirm the District Court's judgment.